COATES *et al.* v. MERRICK THREAD CO. *et al.*

(*Circuit Court, S. D. New York.* July 14, 1887.)

DEPOSITIONS—COMMISSION—ORAL EXAMINATION.

    An order for oral cross-examination of a witness when taking his deposition is, in effect, to turn the proceedings into *viva voce* examination; and, if the power to make the order is discretionary with the court, it will only be exercised in a clear case of necessity.

In Equity. On motion for a commission to take a deposition.

*Frederick H. Betts,* for plaintiffs.

*William C. Witter,* for defendants.

LACOMBE, J. This is a motion for a commission to take the testimony of Frederick Smith, of Burlington, Kan., as a witness on the part of complainants, upon interrogatories in the usual form. The granting of the motion is practically unopposed, but defendants insist that they should be allowed to attend by counsel before the commissioner, and to cross-examine the witness orally, if they so desire. In effect, this would turn the proceeding into a *viva voce* examination, because it can hardly be supposed that the complainants will run the risk of waiving all redirect examination, as they must necessarily do, if they are not advised in advance what cross-interrogatories will be put. Without passing upon the two points raised by complainants, viz., that such a composite commission as is proposed is not known to equity practice, and that no oral examination, whether direct or cross, can be had without the notice required by equity rule 67, I am of the opinion that the modification asked for by the defendants should not be allowed. Concededly, such a mode of taking proof, namely, by interrogatories in chief settled in advance, and

by cross-interrogatories not disclosed in advance, but suggested upon the examination, is unusual and extraordinary. If its allowance is within the discretion of the court, such discretion should only be exercised when a clear case of necessity is made out. There is nothing in the papers submitted to indicate the existence of such necessity. The name, residence, or personal appearance of the supposed agent, the circumstances attending his visit, and his statements as to himself and his business, so far as all these are within the knowledge of the witness, can surely be elicited from the latter by cross-interrogatories prepared in the usual way.